UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

QUANG MINH TRAN,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR, GOLDEN STATE ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-05113-NW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 5

Before the Court is Respondents' motion to dismiss the instant petition for writ of habeas corpus, filed under 8 U.S.C. § 2241, as both successive and moot. *See* ECF No. 5. For the reasons that follow, the Court GRANTS the motion and dismisses the instant petition under the abuse of the writ doctrine.

**I. BACKGROUND**

Based on the parties' submissions, the Court finds the following facts. Petitioner is an immigration detainee who became a lawful permanent resident in 1989. ECF No. 1 ¶ 15. In 2005, Petitioner was convicted of first-degree murder and sentenced to twenty-five years to life in state custody. *Id.* ¶ 16. On July 24, 2025, the Department of Homeland Security ("DHS") commenced removal proceedings against Petitioner, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) due to his prior conviction. *Id.* ¶ 20. That same month, and upon completion of his criminal sentence, Petitioner was transferred to ICE custody and has remained detained since. *Id.* ¶ 19.

On March 25, 2026, Petitioner filed a pro se petition for writ of habeas corpus in this Court. *See Tran v. Warden, Golden State Annex Detention Facility*, Case No. 1:26-cv-02315, ECF No. 1 ("Petition I"). That petition was granted on July 28, 2026, with the court ordering that

United States District Court
Eastern District of California

Respondents provide Petitioner with a bond hearing within fourteen days. *See Tran v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-02315-JLT-EPG-HC, 2026 WL 1949012 (E.D. Cal. July 6, 2026), *report and recommendation adopted*, No. 1:26-CV-02315-JLT-EPG (HC), 2026 WL 2189275 (E.D. Cal. July 29, 2026). In Petition I, Petitioner argued that his prolonged detention without a bond hearing violated the due process clause of the Fifth Amendment. *See* Petition I, ECF No. 1 ¶¶ 46–49. The instant petition before this Court similarly argues that Petitioner's prolonged detention without a bond hearing violates his due process rights. *See* ECF No. 1 ¶¶ 33–37. As such, Respondents contend that this subsequent petition should be dismissed given that it was filed while Petition I was still pending. *See* ECF No. 5 at 1–2. Petitioner did not file an opposition to Respondents' motion.

## II. DISCUSSION

The general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to petitions filed under § 2241, such as the petition here. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States[,] and individuals ... in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (internal quotation marks omitted). But the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ can apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). It is the Government's burden to plead abuse of the writ by noting, with clarity and particularly, Petitioner's prior writ history and the claims that appear for the first time. *McClesky v. Zant*, 499 U.S. 467, 494-95 (1991). If the Government meets this burden, the burden shifts to Petitioner to "show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo*, 645 F.3d at 844.

The Court finds that the instant petition is barred under the abuse of the writ doctrine. First, Petitioner "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *MHC Fin. Ltd. Partnership v. City of San Rafael*, 714 F.3d 1118, 1133 (9th Cir. 2013). The circumstances surrounding Petitioner's current detention, and whether Petitioner's federal due process rights were violated, has already been litigated and resolved in his favor in his first-filed habeas action. *See Tran*, 2026 WL 2189275, at *1. Second, the Government met its initial burden of pleading an abuse of the writ under *McClesky*, and Petitioner did not file a reply brief showing cause for bringing a successive petition, or why failure to entertain this second petition would result in a fundamental miscarriage of justice. No such miscarriage of justice is apparent. Indeed, the claims raised by the instant petition were resolved in the order granting relief on Petition I. For both these reasons, this second habeas petition raising nearly identical claims as Petition I must be dismissed.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Respondents' Motion to Dismiss (ECF No. 5) is GRANTED. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 29, 2026

Noël Wise
United States District Judge